UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Multipla Limited<br><br>　　　Plaintiff,<br><br>v.<br><br>The Individuals, Business Entities, And Unincorporated Associations Identified on Exhibit 1<br><br>　　　Defendants | Civil Action No.  4:25-cv-622 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Multipla Limited asserts its claims against the Defendants in the attached Exhibit 1, and alleges as follows:

**PARTIES**

1.　　Plaintiff Multipla Limited is a New Zealand limited company with a business address at 221 Lees Pakaraka Road, Rd 6, Masterton, 5886, New Zealand.

2.　　The currently-known Defendants are comprised of individuals, business entities of unknown makeup, or unincorporated associations, each of whom, on information and belief, likely reside or operate in foreign jurisdictions, or redistribute products from the same or similar sources in those locations, including those identified by name or alias on the attached Exhibit 1 (collectively, "Defendants").

3.　　Defendants operate through domain names and interactive commercial webstores (the "Infringing Webstores") hosted on various e-commerce platforms, such as Alibaba, AliExpress,

Amazon, CJDropshipping, eBay, Shein, Temu, and Walmart (the "Marketplaces").

4. Defendants offer their products for sale to consumers in the United States, including this District, and, on information and belief, have sold and continued to sell these products to consumers within the United States, including within Texas and Eastern District of Texas, using photographs, artwork, and videos which violate U.S. Copyright Registration No. VA 2-427-012 for the "RAG-1" photograph; U.S. Copyright Registration No. VA 2-427-025 for the "RAG-8" photograph; U.S. Copyright Registration No. VA 2-427-026 for the "RagCutter 2021" group registration of 3 photographs; U.S. Copyright Registration No. VA 2-427-027 for the "RAG-4" 2-D artwork; and U.S. Copyright Registration No. PAu 4-247-766 for the "RAG-VIDEO-2" video (collectively, the "Registrations").

5. Through their illegal operations on the Infringing Webstores, Defendants are directly and personally utilizing the subject matter covered by the Registrations to sell their knockoff products, and on information and belief, are doing so often as partners, co-conspirators, or suppliers.

6. On information and belief, Defendants are an interrelated group working in concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell knockoff products.

7. Defendants conceal their identities and the full scope of their infringing operations to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing operations. The true identities of many of these Defendants are presently unknown.

## JURISDICTION & VENUE

8. This is an action for copyright infringement arising under 17 U.S.C. § 501.

9. This Court has subject-matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is an action arising under the laws of the United States and relating to copyrights.

10. This Court has personal jurisdiction over Defendants because each Defendant has,

through one or more fully interactive commercial Internet websites, pursued sales from Texas residents by offering shipping to Texas, *see* Exhibit 2, and, on information and belief, has induced sales by unauthorized use of advertising media to residents of Texas in violation of the Registrations. As such, personal jurisdiction is proper because each of the Defendants is committing infringing acts in Texas and has wrongfully caused Plaintiff substantial injury in the State of Texas.

11. This Court also has personal jurisdiction over Defendants because Plaintiff's claims arise under federal law; the Defendants are, on information and belief, not subject to jurisdiction in any state's courts of general jurisdiction; and exercise of such jurisdiction is consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k)(2).[1] Personal jurisdiction is thus also proper pursuant to Rule 4(k)(2) because each of the Defendants directs its activities at residents of the United States and the State of Texas.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391. Defendants are entities or individuals subject to personal jurisdiction in this District, and Defendants not residing in the United States may be sued in any judicial district.

## PLAINTIFF'S COPYRIGHTS & PLAINTIFF'S PRODUCTS

13. Plaintiff is the owner of all right, title, and interest in and to the Registrations. Attached as Exhibit 3 is a copy of the certificates for the Registrations, and Exhibit 4 is a copy of the deposit materials submitted for the Registrations' applications (these materials being the "Media"). The video subject to U.S. Copyright Registration No. PAu 4-247-766 is available on Plaintiff's Website at: https://ragcutter.co.nz/products/ragcutter.

---

[1] "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) ("submission through contact with and activity directed at a sovereign may justify specific jurisdiction"). Specific jurisdiction only requires a defendant to have "minimum contacts" with the state, rather than the "continuous and systematic" standard for general jurisdiction—the defendant need only purposefully direct its activities at residents of the forum, and the plaintiff's alleged injury must arise out of or relate to the defendant's contacts with the forum. *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 342 (5th Cir. 2014).

14. Plaintiff is engaged in the business of designing, manufacturing, distributing, and retailing its unique fabric cutting device throughout the world, including within the Eastern District of Texas (collectively, Plaintiff's "Products").

15. Plaintiff has been using and selling Plaintiff's Products using the Media for years in interstate and foreign commerce, including in this District.

16. Plaintiff has widely used the Media to sell the Products both in the United States and throughout the world via the Internet; and the consuming public associates Plaintiff's Products with high quality goods.

17. Plaintiff maintains strict quality control standards for all of Plaintiff's Products, which are solely developed by Plaintiff. Plaintiff sells its Products online via the ragcutter.co.nz website (Plaintiff's "Website"), which features proprietary content exclusive to Plaintiff—including the Media. Attached as Exhibit 5 are representative examples of Plaintiff's use of the Media and offering of Plaintiff's Products featuring the Media for sale on its Website.

18. Plaintiff has sold tens of thousands of units of its Products over the years to consumers around the world, and Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting Plaintiff's Products through use of the Media.

19. Plaintiff has never assigned or licensed its Registrations or rights to the Media to any of the Defendants in this matter.

### DEFENDANTS' INFRINGING ACTIVITIES

20. On information and belief, Defendants have full knowledge of Plaintiff's ownership of the Media, including Plaintiff's exclusive right to use and license the intellectual property in the Media.

21. Defendants are using, advertising, distributing, selling, or offering for sale products on the Infringing Webstores using substantially similar imitations of the Media as shown below:



| Plaintiff's Media | Example of Defendants' Infringement |

22. On information and belief, Defendants, without authorization or license from Plaintiff, knowingly and willfully advertised, offered for sale, and sold, and continue to willfully advertise, offer for sale, and sell their products, through, *inter alia*, the Internet, using the Media. Ex. 2.

23. Plaintiff did not approve the Defendants' products for sale or distribution, nor did Plaintiff give Defendants permission to use the Media.

24. Each Infringing Webstore offers shipping within, or importation into, the United States, including Texas, and, on information and belief, each Defendant has used the Media without authorization to sell or offer for sale products within the United States, including to consumers in Texas.

25. On information and belief, Defendants will continue to use the Media without authorization to offer products for sale on various websites, and Plaintiff will continue to be harmed, unless the Defendants are preliminarily and permanently enjoined.

26. Defendants' unauthorized reproduction and display of the Media in violation of

Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

27.  Plaintiff has no adequate remedy at law.

## COUNT ONE
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 501)

28.  Plaintiff realleges the foregoing allegations as if fully set forth here.

29.  Plaintiff's Media are copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff is the exclusive owner of the Media.

30.  Through the Defendants' infringing conduct, including Defendants' willful reproduction of the Media (*See* Ex. 2), Defendants have directly infringed Plaintiff's exclusive rights in the Media under the Copyright Act.

31.  On information and belief, the Defendants' infringing conduct was and continues to be willful and with full knowledge of Plaintiff's rights in the Media, and has enabled the Defendants to illegally obtain profit.

32.  As a direct and proximate result of the Defendants' infringing conduct, Plaintiff has been harmed and is entitled to recovery of statutory damages against Defendants for Defendants' willful reproduction of the Media. 17 U.S.C. § 504(c).

33.  Plaintiff is additionally entitled to recovery of its full costs and reasonable attorney's fees against the Defendants. 17 U.S.C. § 505.

34.  As a direct and proximate result of Defendants' infringing conduct, Plaintiff has sustained and will continue to sustain substantial and irreparable injury, for which there is no adequate remedy at law.

35.  Unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to wrongfully infringe on Plaintiff's rights, and Plaintiff will continue to suffer irreparable harm.

36. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and in favor of Plaintiff as follows:

1. Declaring that each Defendants' reproduction and display of the Media infringes Plaintiff's Registrations;

2. Declaring that each Defendant's conduct was knowing, intentional, and willful;

3. Permanently enjoining each Defendant and each Defendant's successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, from:

   a. advertising, displaying, distributing, selling, manufacturing, delivering, shipping, using, or enabling others to advertise, display, distribute, manufacture, deliver, ship, sell, or use any copies or derivative works based on Plaintiff's Media, other colorable imitations of Plaintiff's Media, or products and designs that otherwise infringe on Plaintiff's Registrations;

   b. moving, relocating, or otherwise disposing of any funds currently located in Defendants' online accounts, including, without limitation, from Alibaba, AliExpress, Amazon, CJDropshipping, eBay, Shein, Temu, Walmart, Alipay, PayPal, Stripe, Payoneer, WorldFirst, and Western Union;

   c. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' webstores, websites, assets, operations, or relating in any way to the reproduction and display of the Media; and

   d. engaging in any other activity that infringes on Plaintiff's rights in any manner.

4. Ordering that all copies of the Media in Defendants' reasonable control be deleted or destroyed pursuant to 17 U.S.C. § 503(b);

5. Ordering Defendants to, within ten days after service of judgment with notice of entry thereof upon them, file with the Court and serve on Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with all injunctive relief ordered by this Court;

6. Awarding Plaintiff statutory damages for willful infringement of the Registrations in the amount of $150,000 per Defendant pursuant to 17 U.S.C § 504(c)(2);

7. Awarding Plaintiff recovery of its full costs and reasonable attorney's fees jointly and severally against the Defendants pursuant to 17 U.S.C. § 505;

8. That this Court enter an order pursuant to Fed. R. Civ. P. 65(d)(2)(C) that those in privity with Defendants and those with notice of the injunction, including ecommerce platform providers, such as Alibaba, AliExpress, Amazon, CJDropshipping, eBay, Shein, Temu, Walmart, etc., and payment processors, such as Alipay, PayPal, Stripe, Payoneer, WorldFirst, Western Union, or other bank accounts or payment processors used by the Defendants (each of the foregoing ecommerce platform providers and payment processors, a "Third Party Provider") shall within 3 business days of receipt of the corresponding order:

    a. Take all steps to prevent any Defendant from accessing or withdrawing funds from any accounts through which the Defendants, in the past, currently, or in the future, engage in the unauthorized use of the Media, including, but not limited to, any accounts associated with the Defendants listed on the attached Exhibit 1; and

    b. take all necessary steps to prevent any Defendant from accessing or withdrawing funds from any accounts linked to the Defendants, linked to any email addresses used by the

Defendants, or linked to any of the Infringing Webstores.

9. That this Court grant Plaintiff such other and further relief as it deems to be just and proper.

Dated: June 10, 2025                              Respectfully submitted,

**Scale LLP**

By: */s/ Charles A. Wallace*
Charles A. Wallace
Texas Bar No. 24110501
James H. Creedon
Texas Bar No. 24092299
5473 Blair Road, Suite 100
Dallas, Texas 75231
Tel.    415.735.5933
Fax    415.573.0983
cwallace@scalefirm.com
jcreedon@scalefirm.com

ATTORNEYS FOR PLAINTIFF
MULTIPLA LIMITED

### MOTION TO FILE UNDER SEAL

I hereby certify that, in accordance with Local Rule CV-5(a)(7), a motion to seal the above document has been filed with this Court.

By: */s/ Charles A. Wallace*
Charles A. Wallace